UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                          Plaintiff,

            -against-

LAW OFFICES OF JENNIFER S. ADAMS;
JENNIFER S. ADAMS; MICHAEL K. GERTZER;
MATTHEW DAUDIER; PROGRESSIVE MAX
INSURANCE COMPANY; PROGRESSIVE
CORPORATION INSURANCE COMPANY,

                          Defendants.

19-CV-6272 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff has filed numerous actions here and in other federal district courts against

Progressive Corporation Insurance Company ("Progressive") arising out of a January 28, 2017

car accident in Buffalo, New York. In this action, Plaintiff sues lawyers who opposed his motion

for a default judgment in an earlier suit, *Johnson v. Progressive*, No. 19-CV-2902 (CM), arguing,

among other things, that they cannot represent Progressive "*pro se*."

By order dated July 15, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Robert W. Johnson resides in Bronx County, New York. Plaintiff initially filed two substantially similar suits *pro se* against Progressive: On March 26, 2019, Plaintiff filed suit in Ohio, *Johnson v. Progressive*, No. 19-CV-826 (N.D. Ohio),[1] and a few days later, on March 29, 2019, he filed substantially the same action in this Court, *Johnson v. Progressive*, No. 19-CV-2902 (CM) (S.D.N.Y.). In both actions, Plaintiff sought damages from Progressive, alleging that on January 28, 2017, in Buffalo, New York, Maureen Fabre injured him by causing a "rear-end accident" with Demetrius Moore's car, in which Plaintiff was a passenger.[2]

In April 2019, Plaintiff moved for entry of a default judgment in *Johnson*, 19-CV-2902 (CM), even though the Court had not yet issued a summons for him to serve the defendant. Michael Gertzer, an attorney with the Law Offices of Jennifer S. Adams, wrote a letter to Chief District Judge Colleen McMahon stating that Progressive had not been served with the summons

---

[1] Plaintiff also filed four actions in the Southern District of Ohio. *See Johnson v. Abel*, No. 19-CV-2865 (GCS) (S.D. Oh.) (asserting claims against 86 defendants, including Nationwide Mutual Insurance Company); *Johnson v. Coe*, No. 19-CV-2428 (EAS) (S.D. Oh.) (complaint including claims against Nationwide and Victoria Fire and Casualty Co.); *Johnson v. Judge Smith*, No. 19-CV-2490 (S.D. Oh.); and *Johnson v. Nationwide Ins.*, No. 19-CV-1130 (S.D. Oh. June 5, 2019) (complaint dismissed for failure to state a claim).

[2] Plaintiff also filed suit against the Buffalo Police Department and one of its officers for, among other things, failing to note in the police report that Plaintiff had been a passenger in the car that was rear-ended on January 28, 2017, in Buffalo, New York. *Johnson v. Buffalo Police Dep't*, No. 19-CV-2982 (CM) (S.D.N.Y. Apr. 5, 2019). Because those claims arose in Buffalo, which is in Erie County in the Western District of New York, 28 U.S.C. § 112(d), and all of the defendants appeared to be located there, the Court transferred that action to the U.S. District Court for the Western District of New York.

and complaint.[3] Chief Judge McMahon denied Plaintiff's motion for entry of default, and on May 22, 2019, dismissed the action without prejudice because of the pending action in Ohio, which had been filed first.[4] Thereafter, she denied Plaintiff's motion to reconsider the order of dismissal, and Plaintiff has appealed the dismissal without prejudice of that action to the United States Court of Appeals for the Second Circuit.

Plaintiff then filed suit against Chief Judge McMahon, Progressive Insurance Company, and the State of New York. *Johnson v. Progressive*, No. 19-CV-5090 (LLS) (S.D.N.Y.).[5] He alleged that Chief Judge McMahon "illegally endorsed Progressive Insurance [l]awyer Michael K. Gertzer which is a violation of due process." (Compl. at 6.) He also reasserted his claims against Progressive regarding the Buffalo car accident. The Court dismissed the claims against Chief Judge McMahon based on judicial immunity and dismissed without prejudice Plaintiff's claims against Progressive, which he was still litigating in Ohio. Plaintiff has moved for reconsideration of that order. (ECF Nos. 6-7.)

---

[3] When a plaintiff proceeds IFP, before issuing a summons for any defendant, the Court must screen the complaint and dismiss claims that are frivolous, malicious, or fail to state a claim.

[4] In the Ohio action, Progressive has moved to dismiss, arguing that state law requires an injured party to obtain a final judgment against the tortfeasor (*i.e.* Maureen Fabre) before suing the insurer for nonpayment.

[5] Plaintiff also brought suit in this Court against another insurer, apparently arising out of the same accident. *See Johnson v. Victoria Fire and Casualty Co.*, No. 19-CV-2782 (UA) (S.D.N.Y. filed Mar. 28, 2019). Plaintiff attached to that complaint a letter dated July 28, 2017, from the Victoria Fire & Casualty Company stating that it is including "a summary of the benefits we've paid over the last six months for a no-fault claim involving injuries you sustained on January 28, 2017," in connection with policyholder Demetrius Moore.

In this complaint, Plaintiff asserts claims based on the following:

[F]alsifying documents. ineffective counsel, l[y]ing, misleading courts . . . Admission to insuring owner who caused Plaintiff claimant permanent injuries & disabilities. . . .Denial of default judgment, denial of valid claims, bribing & persuading judge for favors, double jeopardy, due process violations . . .

(Compl. at 1-2.)

Plaintiff refers to the letter that Defendant Michael Gertzer wrote to the Court in *Johnson*, No. 19-CV-2902 (CM) and argues that Gertzer "is barred from representing a corporation pro se and falsified above-said letter." (Compl. at 2.) Plaintiff further contends that "Gertzer and Law Officers of Jennifer S. Adams are ineffective counsel as they are barred from pro se litigations under jurisdiction and law." (*Id.*) He contends that Gertzer admitted in his letter that he was writing "only for the purpose of opposing Plaintiff" and that Defendants "bribed and persuaded Hon. Colleen McMahon to dismiss Plaintiff's legal action . . . which is a federal crime & violation of the judicial system and Plaintiff." (*Id.* at 4.)[6]

Plaintiff also names Matthew Daudier, from Progressive's Claims Department, as a defendant. Plaintiff attaches to his complaint an April 1, 2019 letter from Progressive, signed by Daudier, which states that it offers Plaintiff "$9,500.00 for settlement of [his] bodily injury claim" and notifies him that "the statute of limitations for [his] bodily injury claim ends on 01/28/2020." (*Id.* at 9.) Plaintiff argues that even though Daudier indicated that "Progressive was accepting 100% liability" in the letter, nevertheless Gertzer and Adams "are in denial of Plaintiff's jurisdiction." (*Id.* at 3.)

Plaintiff seeks $47.7 billion in damages, as well as an ownership interest in Progressive.

---

[6] Plaintiff does not allege any factual basis for his assertion of "bribery" in connection with the denial of his motion for default judgment.

**DISCUSSION**

**A.     Duplicative and Repetitive Litigation**

The Court has repeatedly advised Plaintiff that he must include all of his claims against Progressive arising out of the January 28, 2017 car accident in Buffalo, New York, in his first-filed suit against Progressive in Ohio, that is, in *Johnson v. Progressive*, No. 19-CV-826 (N.D. Ohio). *See, e.g., Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970) ("[T]he general rule [is] that in the absence of sound reasons[,] the second [federal court] action should give way to the first."); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) ("Where there are two competing lawsuits [in different districts], the first suit should have priority."); *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir. 2008) (same).[7] It is frivolous for Plaintiff to file yet another action against the same defendant (Progressive) in federal court arising out of the same January 28, 2017, accident in Buffalo, New York, after being informed that he could not do so.[8]

**B.     Claims Against Attorneys Representing Progressive**

Plaintiff's argument that Gertzer, Adams, and the Law Offices of Jennifer S. Adams are liable to him for Gertzer's opposition to Plaintiff's motion for entry of default is frivolous. As attorneys for Progressive, Defendant Gertzer, Adams, and the Law Offices of Jennifer S. Adams were entitled to argue Progressive's position. Moreover, Plaintiff has not pleaded any facts

---

[7] In addition to the first-filed rule for determining which federal court is the appropriate forum when competing suits are filed in different district courts, the Court adds that "plaintiffs have no right to maintain two actions on the same subject *in the same court*, against the same defendant at the same time" *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (emphasis added).

[8] Nothing in this order or the order in *Johnson*, No. 19-CV-5090 (LLS), prevents Plaintiff from bringing state law tort claims in an appropriate forum, such as in the New York State Unified Court System, against the driver who allegedly caused the accident.

supporting his label that these individuals "lied" or took other illegal actions in connection with opposing the motion.[9] This Court also cannot revisit Chief Judge McMahon's denial of Plaintiff's motion for default.

Plaintiff's contention that attorneys Gertzer and Adams cannot represent the corporation "pro se" is equally frivolous. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Simply put, admitted attorneys can represent their clients. Plaintiff's claims against Defendants Gertzer, Adams, and the Law Offices of Jennifer S. Adams are dismissed for failure to state a claim on which relief can be granted and as frivolous.

### C. Matthew Daudier

Plaintiff also does not state a claim against Progressive's claims representative, Matthew Daudier. The allegation that Progressive made a settlement offer is not inconsistent with its attorneys' arguments in Gertzer's letter in *Johnson*, No. 19-CV-2902 (CM), that Progressive did not consent to jurisdiction in this district court prior to service of the summons and complaint. Plaintiff had not alleged that Daudier did or failed to do anything that violated Plaintiff's rights.

### D. Warning

Plaintiff is warned that continuing to bring the same legal challenges that have been rejected or pursuing other frivolous litigation in this Court can result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

---

[9] Even if Plaintiff had transmitted a copy of his complaint to Progressive or its representatives, proper service requires a summons from the Court, which Plaintiff did not have.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    July 15, 2019
          New York, New York

                                                    *Louis L. Stanton*
                                                    _____
                                                    Louis L. Stanton
                                                    U.S.D.J.